**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

TONY PAYANO,

                Petitioner,

v.

                                        Case No. 10-C-475

GREGORY GRAMS,
Warden of Columbia Correctional Institution,

                Respondent.

---

## DECISION AND ORDER

---

        Pro se Petitioner Tony Payano ("Payano"), who is currently confined in the Columbia Correctional Institution ("CCI"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. The matter is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

        Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant

to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Payano challenges his August 24, 2006, conviction by the Circuit Court for Milwaukee County, Wisconsin, following a jury trial, for one count second-degree reckless injury while using a dangerous weapon in violation of § 940.23(2)(a) and § 939.62 of the Wisconsin Statutes, and for two counts of second-degree recklessly endangering safety in violation of § 941.30(2) and § 939.63 of the Wisconsin Statutes. Payano indicates that he was sentenced to 18 years and six months of imprisonment, to be followed by nine years of extended supervision. (*See* Pet. 2.) As such, Payano is "in custody" pursuant to the state criminal conviction he now challenges.

Payano lists the following three grounds for relief: (1) his conviction was obtained in violation of the Fourth Amendment "knock and announce" requirement; (2) his Fourteenth Amendment right was violated by the trial court's improper admission of other acts evidence; and, (3) the trial court's admission of the confidential informant's testimony violated his Fifth and Fourteenth Amendment rights. Payano's petition challenges the legality of his custody as being in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Additionally, the claims raised in the petition must be the same claims that were raised and exhausted in state court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). State courts are fully capable of ruling on federal law, and a petitioner

2

has not satisfied the exhaustion requirement unless the state courts heard the alleged violations of his federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Payano indicates that he presented the issues that he now raises before the Wisconsin Court of Appeals. (Pet. 3.) The Wisconsin Court of Appeals decision in *State v. Payano*, 312 Wis. 2d 224, 752 N.W.2d 378 (Wis. Ct. App. 2008), considered Payano's challenges to the admission of the other acts evidence that was presented through the testimony of an informant, although there is no indication that Payano raised the issue in the context of a constitutional claim. The Wisconsin Court of Appeals held that the admission of such evidence was a reversible error. That court reversed the judgment of conviction and remanded the case for a new trial. Although the Wisconsin Court of Appeals's decision indicates that Payano's conviction stems from the execution of a no-knock warrant, it does not

3

mention any Fourth Amendment "knock and announce" issue. Thus, there is no support for Payano's contention that he raise the knock and announce issue before the court of appeals.

The State filed a petition for review by the Wisconsin Supreme Court. The petition for review was granted on July 28, 2008. *State v. Payano*, 314 Wis.2d 69, 758 N.W.2d 90 (Wis. 2008) (Table). Thereafter, the Wisconsin Supreme Court issued a decision that reversed the Wisconsin Court of Appeals and upheld Payano's conviction. *See State v. Payano*, 320 Wis.2d 348, 768 N.W.2d 832, 864-65 (Wis. 2009). Payano does not contend that he raised the "knock and announce" issue before the Wisconsin Supreme Court.

At this juncture of the proceedings, based on its review of Payano's petition and attachments, the Court concludes that Payano has not exhausted his Fourth Amendment claim that his rights were violated because the officers failed to knock and announce their entry before executing the search warrant. Therefore, Payano's petition is a "mixed petition" because ground one has not been adjudicated by a complete round of state appellate review. This Court may not adjudicate a mixed petition. *See Rose v. Lundy,* 455 U.S. 509 (1982). Payano may either (1) return to state court to exhaust all of his claims, or (2) amend his petition to delete the unexhausted claim.

Payano is advised that, if he amends his petition to delete his unexhausted claim, he may be barred from raising that challenge to his conviction by the general rule against successive petitions. *See* 28 U.S.C. § 2244(b)(2). Furthermore, Payano is advised that, because of the one-year statute of limitations imposed by the Antiterrorism and Effective

4

Death Penalty Act of 1996 ("ADEPA"), if he decides to fully exhaust his grounds for relief in state court, this Court must consider whether to stay and hold in abeyance the petition. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). A refusal to stay and hold in abeyance a petition, pending full exhaustion, is an abuse of discretion where the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. The court of appeals has informed district courts that whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action. *See Tucker*, 538 F.3d at 735 (collecting cases).

Based on the foregoing, Payano must file a paper with the Court stating how he intends to proceed with his petition. Payano may either proceed only with his exhausted claims or, if he wants to exhaust his Fourth Amendment knock and announce claim with one complete round of state court review, he may ask this Court to stay his petition and hold it in abeyance until he has exhausted that claim. In such regard, the Court notes that in *Hudson v. Michigan*, 547 U.S. 586, 594 (2006), the Supreme Court held that the remedy of suppression not available for violation of knock-and-announce rule.

5

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before July 24, 2010**, Payano **MUST** file a paper stating whether he wants to proceed only with his exhausted claims or, whether he wants to exhaust his Fourth Amendment knock and announce claim and requests that the Court stay his petition and hold it in abeyance until he has exhausted that claim.

Dated at Milwaukee, Wisconsin this 25th day of June, 2010.

> BY THE COURT
>
> *s/ Rudolph T. Randa*
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**