# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY PAYANO,

                Petitioner,

   v.

                                                      Case No. 10-C-475

GREGORY GRAMS,
**Warden of Columbia Correctional Institution,**

                Respondent.

# DECISION AND ORDER

      Pro se Petitioner Tony Payano ("Payano"), an inmate at the Columbia Correctional Institution ("CCI"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. In a June 25, 2010, Decision and Order, based upon preliminary review as required by Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the Court noted that Payano listed the following three grounds for relief: (1) his conviction was obtained in violation of the Fourth Amendment "knock and announce" requirement; (2) his Fourteenth Amendment right was violated by the trial court's improper admission of other acts evidence; and, (3) the trial court's admission of the confidential informant's testimony violated his Fifth and Fourteenth Amendment rights. *See Payano v. Grams*, No. 10-C-475, 2010 WL 2605241, at *1 (E.D.Wis. June 25, 2010). Although Payano indicated that he had presented the three grounds to the Wisconsin Court of

Appeals, the Court noted that the appellate court's decision indicates that Payano's conviction stems from the execution of a no-knock warrant, but it does not mention any Fourth Amendment "knock and announce" issue. *Id*. at *3-*4. Thus, the Court concluded that there was no support for Payano's contention that he raised the knock and announce issue before the court of appeals. *Id*. at *4. Payano also did not contend that he raised the "knock and announce" issue before the Wisconsin Supreme Court. Consequently, the Court determined that Payano had not exhausted his first ground for relief because it had not been adjudicated by a complete round of state appellate review. *Id.* at *4. As such, the Court characterized the petition as a "mixed petition" which may not adjudicated by this Court. *Id*. (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The Court advised Payano that he could either return to state court to exhaust his Fourth Amendment claim, or amend his petition to delete the unexhausted claim.

By a statement filed on July 6, 2010, Payano states that he raised his Fourth Amendment claim in a motion for reconsideration that he filed with the Wisconsin Supreme Court. However, he also states that he wants to go ahead on the claims that the Court deemed exhausted and, therefore, is moving to amend his petition to dismiss the Fourth Amendment claim.

Payano's response provides additional information in support of his contention that ground one was exhausted. If Payano has exhausted all three grounds, then the petition would not be a mixed petition and he could proceed on his three grounds for relief.

2

Respondent Gregory Grams ("Grams") may be able to provide the Court with additional information from the state court record that would disclose whether Payano has exhausted his Fourth Amendment claim. Therefore, before taking further action, the Court will direct Grams to file a statement, together with any supporting materials, that addresses whether Payano presented his Fourth Amendment claim for one complete round of state court review, and afford Payano an opportunity to respond to those filings. Thereafter, the Court will determine whether to adopt Payano's agreement that ground one should be dismissed pursuant to *Rose v. Lundy*, 455 U.S. at 509, or whether Grams should be required to file an answer to the three grounds of Payano's petition.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before August 23, 2010**, Grams **MUST** file a statement, together with any supporting materials, that addresses whether Payano presented his Fourth Amendment claim for one complete round of review by the Wisconsin state courts.

Payano may file a response to that submission **on or before September 23, 2010**.

Dated at Milwaukee, Wisconsin this 22nd day of July, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

3