# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY PAYANO,

    Petitioner,

v.                                                                           Case No. 10-C-475

GREGORY GRAMS,

    Respondent.

## DECISION AND ORDER

On June 7, 2011, petitioner Tony Payano, who is proceeding pro se, filed a petition for a writ of habeas corpus, and on April 14, 2011, the respondent filed an answer to the petition. On July 22, 2011, the petitioner filed a motion to strike, for sanctions, and for termination of the proceedings in his favor. (Docket #25). The motion is fully briefed and will be addressed herein.

The petitioner seeks an order "striking the Record Return." (Petitioner's Motion to Strike Return [Petitioner's Brief] at 1). It appears he wishes to have the state court record that was submitted by the respondent stricken from the record because he asserts that it is "not responsive" to his petition for a writ of habeas corpus and that it is fraudulent because it does not include a recording of a 911 telephone call or a transcript of that call. Id. According to the petitioner, the call is relevant to his claim that other acts evidence was improperly admitted at trial. Further, the petitioner contends that the court should issue sanctions against the respondent because he has a "Legal and Moral duty to provide this Court on Habeas Corpus with an adequate copy of the Record of the State Court proceedings . . .." Id. at 3. The

petitioner also maintains that the court should "terminate the proceedings in favor of the petitioner . . .." Id. at 1.

The respondent asserts that the petitioner's motion should be denied. According to the respondent, Rule 5 of the Rules Governing § 2254 Cases requires the respondent to submit only the transcripts, briefs, and opinions that were filed in state court appeals. Although a tape recording of a 911 call was played at the petitioner's trial, the state appellate record of the petitioner's case does not include either the recording or a transcript of that call. As such, the respondent does not have either the call or a transcript of the call in his files. In addition, the respondent contends that because he is not required to submit evidence from the state court trial, the record should not be stricken and sanctions should not be issued for failure to include a transcript or recording of the 911 call. Moreover, the respondent maintains that the 911 call is not relevant to the constitutional issues raised in the petition. The respondent also observes that even if the court were to order inclusion of the 911 call or a transcript of that call, it is unnecessary to strike the entire record, sanction the respondent, or grant the petitioner's petition because the respondent did not violate any rules or orders of this court.

Rule 5 of the Rules Governing § 2254 Cases provides, in relevant part:

(c) Contents: Transcripts. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

(d) Contents: Briefs on Appeal and Opinions. The respondent must also file with the answer a copy of:

(1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;

>	(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>	(3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

The rule does not require that the respondent submit copies of exhibits or evidence used in the trial court.

Here, the respondent attached to his answer all of the briefs, opinions, and dispositive orders from the state appellate court proceedings related to the petitioner's underlying conviction. In addition, the respondent indicated that he was in the process of obtaining copies of transcripts from the Milwaukee County Circuit Court and that they would be provided to the court as soon as they were available. On May 3, 2011, the respondent filed "transcripts from Petitioner Tony Payano's state trial court proceedings," including transcripts from the petitioner's trials dated February 13-17 and 20, 2006, and June 19-23, 2006. (Respondent's Supplemental Exhibit List at 1.). Therefore, the petitioner has provided every record from the state court proceedings that the applicable rule requires him to provide. The respondent has not violated any rules or orders of this court. Accordingly, the petitioner's motion to strike the record return, issue sanctions, and terminate the proceedings in his favor will be denied.

However, the petitioner does assert that the 911 telephone call is relevant to the court's determination regarding whether the other acts evidence was improperly admitted at trial. It appears that, at the very least, a transcript of this phone call was marked as an exhibit at trial and is therefore part of the record of this case. See Response, Exh. I at 69, n.1. Moreover, at least two justices of the Supreme Court of Wisconsin dissented from the majority opinion because they believed that the 911 call was relevant to the decision regarding whether the other acts evidence was properly admitted. See id., Exh. I at 69-75. Therefore, this court will request

that the respondent obtain a copy of the recording and/or a transcript of the call. The respondent should update the court and the petitioner regarding the status of his effort to obtain this on or before **September 15, 2011**. The briefing schedule set forth in this court's July 26, 2011, will also be stayed pending receipt of the respondent's submission.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to strike, issue sanctions, and terminate this proceeding be and hereby is **denied**. (Docket #25).

**IT IS ALSO ORDERED** that the respondent should try to obtain a copy of the recorded 911 telephone call and/or a transcript of the call. The respondent shall update the court and the petitioner regarding the status of his efforts to obtain this on or before **September 15, 2011**.

**IT IS FURTHER ORDERED** that the briefing schedule set forth in this court's July 26, 2011, order be and hereby is stayed pending further order of the court.

Dated at Milwaukee, Wisconsin this 10th day of August, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge