# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY PAYANO,

    Petitioner,

    v.                                      Case No. 10-C-475

GREGORY GRAMS, Warden
Columbia Correctional Institution

    Respondent,

## DECISION AND ORDER

    Petitioner Tony Payano, who is proceeding pro se, filed a petition for a writ of habeas corpus on June 7, 2010. The petitioner challenges his conviction on the following grounds: (1) his Fourteenth Amendment right was violated by the court's improper admission of other acts evidence, and (2) the trial court's admission of the confidential informant's testimony violated his Fifth and Fourteenth Amendment rights. The respondent filed his answer on April 14, 2011, and the court issued a briefing schedule on July 26, 2011, directing the petitioner to file a brief in support of his petition no later than August 8, 2011.

    On July 22, 2011, the petitioner filed a motion to strike, for sanctions, and for termination of proceedings in his favor. (Docket #25). The petitioner's motion sought an order "striking the Record Return" submitted by the respondent on the ground that it was fraudulent for failing to include a transcript of a 911 call that was introduced at trial. This court denied the motion on August 10, 2011, but also ordered the respondent to attempt

to obtain a copy of the recorded 911 call and/or a transcript of the call. The respondent was directed to update the court regarding the status of his efforts to obtain such information on or before September 15, 2011. The court stayed the July 26, 2011, briefing schedule pending further order of the court.

As requested, the respondent submitted a transcript of the 911 call played at the petitioner's state court trial on September 12, 2011. Accordingly, the court lifted the stay and issued a revised scheduling order. Pursuant to the revised scheduling order, the petitioner was ordered to file his brief in support of his petition no later than October 28, 2011.

After receiving a copy of the 911 transcript from the respondent, the petitioner filed a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, asserting that the respondent did not comply with the court's August 10, 2011, order. (Docket #34). On October 31, 2011, the petitioner filed a motion for extension of time (Docket #39) seeking an additional 30 days to submit his brief in support of his petition. The petitioner also filed a "Motion to Strike Respondent's Additional Exhibit of Alleged 911 call and Court to reconsider petitioner's Motion to strike Return and Sanctions" (Motion to Strike) (Docket #40) on November 2, 2011.

In his motion for discovery, the petitioner asserts that the respondent failed to comply with the order because numerous translations of the call exist and the respondent produced only a copy of Detective Carlos Negron's translation, which differs materially from the trial testimony of Christina Green, a professional translator and linguistics expert. The petitioner now requests that the respondent produce a copy of the transcript as translated by Christina Green, as well as a copy of the 911 tape. The petitioner asserts

that the jury never reviewed Detective Negron's translation; instead, the jury heard the 911 tape and the sworn testimony of the translators. Therefore, he asserts that it is vital to his case that the court listen to the actual 911 tape and view all translations to complete the record. Along with his motion for discovery, the petitioner filed a first set of interrogatories and request for production of the 911 tape recording and transcripts of each translation of the 911 tape recording. (Docket #35).

Rule 6(a) of the Rules Governing Section 2254 Cases provides that a "judge may, for good cause shown, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Bracy v. Gramley, 520 U.S. 899, 904 (1997) (quoting Rules Governing § 2254 Cases Rule 6[a]). Mindful of the potential abuse of excessive litigation, the courts have determined that in order for discovery to be granted in a habeas case, the petitioner must identify the essential elements of a constitutional claim and show good cause. Id. Good cause is satisfied "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Harris v. Nelson, 394 U.S. 286, 300 (1969). Alternately, good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." Id. A motion will be denied if based on conclusory allegations or a laundry list of records sought, since it would contravene the purpose of the good cause standard. Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994).

In this case, the petitioner's motion for discovery fails to identify elements of his constitutional claim or provide specific allegations giving the court reason to believe that he may be able to demonstrate entitlement to relief if the 911 tape and Christina Green

transcripts are produced.  The petitioner asserts that Ms. Green's translation contradicts Detective Negron's translation of the 911 tape, which states that the someone could be heard stating "hide this" on the tape.  Meanwhile, Ms. Green testified that she did not hear the words "hide this" in either English or Spanish.  This dispute is adequately reflected in the state court record, through trial testimony given by Ms. Green and Officer Negron. Moreover, the court requested the transcript to assist it in determining whether the state court's ruling that the confidential informant's testimony was admissible was contrary to or a misapplication of Supreme Court precedent.  A review of the trial testimony indicates that the statement "hide this" was made with regard to the gun used in the shooting, not drugs.  Therefore, at this stage in the proceedings, the court does not see how this particular statement is relevant to the admissibility of the confidential informant's statement regarding the petitioner's possession of drugs.  For the foregoing reasons, the 911 tape and alternative version of the 911 call transcript, if any,[1] is not necessary to disposition of this case.  The petitioner's motion for discovery and request for answers to interrogatories and for production of the 911 tape will be denied accordingly.

In his motion to strike, the petitioner asks the court to enter a default judgment against the respondent and to issue sanctions for failing to provide this court with an adequate record.  The petitioner asserts that the 911 tape is critical to these habeas proceedings because it "shows [his] state of mind . . . at the time of the alleged offense an (sic) whether he thought he was protecting himself and family; which is relevant to the admissibility of the informant's testimony." (Motion to Strike at 2.)

---

[1] It is unclear whether an alternate written translation of the 911 call exists.  After reviewing the petitioner's submissions and the relevant trial testimony, the court cannot determine which transcript was admitted at trial or if Ms. Green ever provided a written translation of the call.

Contrary to the petitioner's repeated assertions, the respondent has not violated this court's August 10, 2011 order, which ordered the respondent to "try to obtain a copy of the recorded 911 telephone call and/or a transcript of the call." The respondent complied with this order by providing Officer Negron's written translation of the call. At the time this order was given, the court was not aware that multiple versions of the 911 call transcript might exist. And, as just explained, the tape and any alternate translations are not needed to complete the record. The petitioner's motion to strike is therefore denied.

Finally, the petitioner filed a motion seeking a thirty-day extension to file his brief in support of his petition. He had received two previous extensions of time to file his brief. Nonetheless, the petitioner's motion for an extension of time will be granted.

NOW, THEREFORE, IT IS ORDERED that the petitioner's Motion/request for discovery per Rule 6 be and hereby is denied.

IT IS FURTHER ORDERED THAT the petitioner's Motion to strike return and sanctions be and hereby is denied.

IT IS ALSO ORDERED THAT The petitioner shall file his brief in support of his petition by December 19, 2011, the respondent shall file his response brief by January 19, 2012, and the petitioner shall file his reply brief by February 2, 2012.

Dated at Milwaukee, Wisconsin this 22nd day of November, 2011.

BY THE COURT:

/s Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge